**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AKHENATON JONES,<br>*Plaintiff,* | : | |
| v. | : | CIVIL ACTION NO. 25-CV-5335 |
| LT. WAYNE SWEENEY, *et al.*,<br>*Defendants.* | : | |

## MEMORANDUM

**Pappert, J.** **August 24, 2026**

*Pro se* Plaintiff Akhenaton Jones filed this lawsuit alleging claims pursuant to 42 U.S.C. § 1983 concerning events during his pretrial detention within the Philadelphia Department of Prisons. Two defendants, Nishan Panavelil and Wayne Sweeney, move to dismiss the Complaint in part for failure to state a claim. The Court grants the motion.

I[1]

Jones states that on June 4, 2025, after he was convicted but still awaiting sentencing and detained at PDP's Riverside Correctional Facility, he was "preparing for court one morning," when he "had a psychiatric episode." (Compl. at 4-5.) Jones asserts that he "lost consciousness, fell to the floor and awoke believing [he] was under attack." (*Id.* at 5.) He alleges that in response to his "mental health crisis," he "was

[1] The facts set forth in this Memorandum are taken from Jones's Complaint (Dkt. No. 1). The Court adopts the pagination assigned to all filings by the CM/ECF docketing system. Grammar, spelling, and punctuation errors are cleaned up where necessary. Additionally, the Court includes facts reflected in publicly available state court records, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

sprayed with OC spray" by Panavelil, and that Sweeney "charged" at him, "screaming he was going to kill [Jones] before kicking, punching, and beating [Jones] while [he] was in a fetal position." (*Id.*) Jones states that he filed a grievance while housed at Curran-Fromhold Correctional Facility, claiming "excessive force, violation of privacy concerning legal mail, [and] retaliation for filing prior lawsuit and grievances." (*Id.* at 7.) He alleges various physical and psychological injuries, and that those injuries "impaired him mentally and physically at his criminal trial in which he was self represented."[2] (*Id.* at 5.) He seeks $300,000 in damages. (*Id.*)

Jones's Complaint names as defendants Panavelil, Sweeney, an individual referred to as "Hughes Sr.," the City of Philadelphia, and the PDP as Defendants. (*Id.* at 2-3.) The Court granted Jones leave to proceed *in forma pauperis* and dismissed his claims against Hughes Sr., the City, and PDP, as well as his official-capacity claims against Panavelil and Sweeney, and directed service of the remaining individual-capacity claims on the latter. (*See generally* Dkt. Nos. 7, 13, 17.) Panavelil and Sweeney now seek dismissal of all claims against them except those for excessive force.

## II

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). In

---

[2] The Court notes that Jones was on trial on June 4, 2025. *See Commonwealth v. Jones*, No. CP-51-CR-0006551-2021 (C.P. Phila.). However, that docket indicates that Jones had court-appointed counsel during his trial and does not contain any mention of a hearing to determine Jones's ability to proceed *pro se* until after his sentencing. *See id.*; *see also Commonwealth v. Grazier*, 713 A.2d 81, 82 (1998). The Court further notes that Jones has separately been charged with numerous offenses related to assault on a correctional employee, with an offense date of June 4, 2025, for which proceedings are ongoing and in which Jones has sought to proceed *pro se*. *See Commonwealth v. Jones*, No. CP-51-CR-0005241-2025 (C.P. Phila.). Any potential impact of Jones's pending criminal matter on the instant civil case is not currently before the Court.

deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). In resolving a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

To determine whether a complaint filed by a *pro* se litigant states a claim, a court must accept the facts alleged as true, draw all reasonable inferences in favor of the plaintiff, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (citation modified), *abrogation on other grounds recognized by Fisher v.*

*Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (noting that *pro se* filings are construed liberally).

III

Jones asserts claims for violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983 provides a civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Halsey v. Pfeiffer,* 750 F.3d 273, 290 (3d Cir. 2014) (internal quotation marks and citation omitted). To state a claim under § 1983, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Karns v. Shanahan,* 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005)).

Jones cites the First, Eighth, and Fourteenth Amendments as the bases for his claims, and states that his grievance filed at CFCF concerned both the excessive force incident on June 4, 2025, as well as "violation of privacy concerning legal mail, [and] retaliation for filing prior lawsuit and grievances." (Compl. at 3, 7.) The defendants do not seek dismissal of Jones's excessive force claims, but argue that, to the extent Jones's Complaint can be read to assert claims for interference with his legal mail or retaliation for protected conduct in violation of the First Amendment, those claims are not supported by sufficient facts. (*See* Dkt. No. 22 at 5-7.) In response, Jones asserts that his "claim establishes a pattern of conduct that shows intentional acts by Philadelphia Department of Prisons staff, meant to frustrate and deny plaintiff in his effort to litigate both criminal and civil actions," that he "clearly outlines actions taken

against him by prison staff as a result of his ongoing litigation against prison staff for acts of violence against himself and conditions of confinement," leading to an "obvious inference . . . that prison staff knew of his litigation, because they were the perpetrators of violence against [him] that gave rise to a prior civil action that in which they were defendants." (Dkt. No. 27 at 2, 4.) Panavelil and Sweeney argue that they were not named as defendants in either of Jones's prior civil actions, nor were they alleged to have any involvement in the events underlying those actions, and that Jones has not made sufficient factual allegations that they were aware of that prior litigation. (*See* Dkt. No. 28 at 2-3 (first citing *Jones v. Thompson*, No. 23-3851 (E.D. Pa.); then citing *Jones v. Carney*, No. 23-3791 (E.D. Pa.).)

Jones was a pretrial detainee on June 4, 2025. Despite his assertion that he was representing himself at his trial, as noted above, it appears that he had court-appointed trial counsel. *See Jones*, No. CP-51-CR-0006551-2021. Accordingly, the Court has considered his allegation of interference with legal mail as either a claim for interference with his access to counsel, in violation of the Sixth Amendment, or his access to the courts, in violation of the First and Fourteenth Amendments. *See Prater v. City of Philadelphia*, 542 F. App'x 135, 136 n.1, 137 (3d Cir. 2013) (*per curiam*) (construing pretrial detainee's allegations that he was denied access to counsel and that his legal mail was thrown in the trash as access-to-courts claims); *Anderson v. Prifti*, No. 26-1228, 2026 WL 2428206, at *12-13 & n.4 (E.D. Pa. Aug. 19, 2026) (distinguishing claims by pretrial detainees alleging interference with access to courts and counsel in civil and criminal contexts, including self-representation (citing, *inter alia*, *Benjamin v. Fraser*, 264 F.3d 175, 186 (2d Cir. 2001))). "Generally speaking, a

pretrial detainee's right to access the courts to defend against pending criminal charges is satisfied by providing access to either a law library or the assistance of counsel." *Anderson*, 2026 WL 2428206, at *13 (citing *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*)). To state a First Amendment claim for interference with a prisoner's legal mail, a plaintiff must allege that the interference was done according to a "pattern and practice." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) ("A state pattern and practice . . . of opening legal mail outside the presence of the addressee inmate . . . impinges upon the inmate's right to freedom of speech."). Prisoners need not allege or prove any "actual injury" beyond direct injury to their First Amendment right to use the mails. *Taylor v. Oney*, 196 F. App'x. 126, 128 (3d Cir. 2006). Courts have found that mere isolated incidents of interference without evidence of an improper motive are insufficient to establish a First Amendment violation. *See, e.g. Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) (*per curiam*) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a first Amendment violation." (footnote omitted)).

Jones does not allege any facts to support a claim that Panavelil or Sweeney interfered with his legal mail, much less did so according to a pattern or practice. His allegation that they interfered with his access to courts in any way appears to rest solely on the assertions that their alleged use of force against him occurred on a day when he was "preparing to go to court," during his trial, and that the injuries he suffered as a result of the alleged incident "impaired him mentally and physically at his criminal trial at which he was self represented." (Compl. at 5.) These conclusory

statements are insufficient to state a claim that either of these defendants interfered with his access to the courts or to counsel.

In order to state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (*per curiam*).

Jones claims that he filed a grievance contending that defendants' use of force against him was in retaliation for his prior lawsuits and grievances. However, as defendants correctly point out, neither of them were named or otherwise alleged to have any involvement in the prior lawsuits, and Jones pleads no facts to suggest that they were aware of the lawsuits or any other protected conduct, much less that there was any causal connection between their alleged use of force and that conduct. Accordingly, Jones has not pleaded a plausible retaliation claim.

IV

For the foregoing reasons, Jones's claims against Panavelil and Sweeney for interference with his legal mail and retaliation are dismissed.

An order follows.

**BY THE COURT:**

***/s/ Gerald J. Pappert***

**Gerald J. Pappert, J.**